(No. 933—)

WILLIAM KITTLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

*Rehearing denied September 13, 1927.*

EDWARD L. BROWN AND COLFAX T. MARTIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for damages to a Ford truck of claimant alleged to have been caused by a collision with a truck of the defendant. The declaration charges that on April 11, 1925, while claimant was driving his truck in a westerly direction along an alley in the city of Danville, Illinois, where said alley intersects Gilbert Street, the defendant, by Grant Spaulding, one of its servants, carelessly and negligently ran one of its trucks into and against the truck of claimant and thereby damaged the truck of claimant to the amount of $750.00

To this declaration the Attorney General has filed a general and special demurrer.

The weight of the evidence in this case shows Spaulding was driving south on Gilbert Street in the city of Danville at a rate of speed between 18 and 30 miles per hour; that just before he reached the alley on the east between Seminary and Williams Street, claimant came out of the alley in a Ford truck going from 7 to 8 miles per hour; and that claimant failed to stop his truck before turning into Gilbert Street.

The rule is so well settled in this court that the State is not liable for the negligence of its agents—that the doctrine of *respondeat superior* does not apply to the State—that no citation of authorities is needed to support it. The record

shows Spaulding was going south on Gilbert Street, and Kittle west on the alley. Kittle was therefore approaching Gilbert Street from Spaulding's left. This gave Spaulding the right of way, and it was the duty of Kittle to so operate his truck as not to interfere with Spaulding's crossing the intersection. (Ch. 95a, Sec. 33, Cahill's Revised Statutes, 1925).

The demurrer to the declaration is sustained and the case dismissed.

On September 13, 1927, upon petition for rehearing the following additional opinion was filed:

Claimant has filed a petition for re-hearing in this cause in which he contends the court has misconstrued the evidence and misapplied the law.

One of the reasons urged for a re-hearing is that the court sustained the demurrer to the declaration after evidence was taken in the cause. Under the allegations of the declaration the State is not liable and we might well have sustained the demurrer without considering the evidence at all. After the demurrer was filed, however, both claimant and the State proceeded to take testimony without calling up the demurrer for ruling thereon by the court. In such case the court frequently examines the evidence to determine whether it shows the claimant has a meritorious cause. Such procedure cannot injure a claimant's case as he thereby gets the benefit of his evidence. That procedure was followed in this case.

Since the filing of the petition for a re-hearing, we have again carefully read the record in this case and are fully satisfied that claimant is not entitled to any award.

The petition for re-hearing is therefore denied.